CATHARINE NININGER vs. THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF CARVER.

The fact that an action is not commenced in the proper county is not an error
that deprives the Court of jurisdiction, or that can be reached by demurrer.

When a married woman sues for her separate property, her husband is not a
necessary party, plaintiff or defendant.

From the allegation (admitted by the demurrer,) that the "defendants execu-
ted in due form of law and issued" the bond in question, it will be presumed
that they executed it in the mode required by law.

The plaintiff having alleged that she purchased the bond on which the suit is
brought, and our law authorizing her to make purchases of this kind, it will be
presumed that the purchase was for herself and not for her husband, and with
money that was her separate property.

This action was commenced in the Ramsey County District
Court by the plaintiff, a married woman, who sued by her next
friend, to collect of the defendant certain interest coupons which
were attached to and made a part of a certain bond of the county
of Carver.    The allegations of the complaint which are material
to the points decided are, "that the defendants being thereto duly
authorized, executed in due form of law and issued, and for value
delivered" the bond in suit to one George Fuller ; it sets out the
bond "haec verba," signed by the Commissioners of said county,
attested by the clerk of the Board of Commissioners, with its seal
attached.    It further alleges that the officers signing and attesting
the same were duly elected, qualified and acting officers of said
county, &c., &c. ; "that said George Fuller in the usual course of
business, negotiated, sold and delivered the said bond and the
coupons thereto attached for value, and in the usual course of bu-
siness, and for value paid and in good faith, the plaintiff purchased
vol. x.—18

and received said bond and coupons, and is now the lawful owner and holder thereof."

The defendant demurred to said complaint upon the following grounds:

"1. That it does not appear on the face of the complaint, that this Court has jurisdiction of either the defendant or the subject of the action, but on the contrary it does appear that this Court has no jurisdiction of either the defendant, or the subject of the action.

"2. That it appears from the face of the complaint that the plaintiff, Catharine Nininger, has no legal capacity to sue for the cause of action alleged therein.

"3. That it appears from the face of the complaint that there is a defect of parties plaintiff in this, to-wit: that John Nininger is a necessary party plaintiff in said action for the cause alleged in the said complaint, and also in this, to-wit; that the said Catharine Nininger is not a proper party to said action for said alleged cause.

"4. That the said complaint does not state facts sufficient to constitute a cause of action."

The demurrer was overruled by the Court below, and the defendant appealed to this Court from the order overruling the same.

J. A. SARGENT and A. G. CHATFIELD for Appellant.

BRISBIN & WARNER for Respondent.

*By the Court*—WILSON, C. J.—If it was admitted, as claimed by the defendants' counsel, that this action was not commenced in the proper county, the error would not deprive the Court of jurisdiction, and would not therefore be reached by this demurrer. *See Merrill vs. Shaw,* 5 *Minn.,* 148.

Nor is the objection well taken that the husband of the plaintiff should have been made a party in this action.

When a married woman sues for her separate property the husband is not a necessary party, plaintiff or defendant. *Compiled*

*Statutes*, 535, *section* 30; *Furlong vs. Griffing*, 3 *Minn.*, 204; *Hollingsworth vs. State*, 8 *Ind.*, 257; *Gee vs. Lewis*, 20 *Ind.*, 149; *Darby vs. Callahan*, 16 *N. Y.*, 71; *Spees vs. Accessory Transit Co.*, 5 *Duer*, 662.

The language of the complaint is that the "defendants executed in due form of law and issued" the bond on which the action is brought.

The execution of the bond being a traversable fact is admitted by the demurrer. When the performance of an act is alleged, it will be presumed to have been in the mode required by law until the contrary appears. The objection to the complaint, therefore, that it does not show that the commissioners executed the bond at a legal session of the board, can not be sustained.

It is also objected to the complaint that it does not show that the plaintiff purchased with money that was her separate property, and not the property of her husband.

This objection we think is not tenable. Under our statute the plaintiff was authorized to purchase and hold such property. She alleges that she did purchase. This is an allegation of a fact, and is admitted by the demurrer.

If it is denied that the plaintiff purchased the bond in question, it will be incumbent on her to prove that fact, and when a married woman sues for her separate property without joining her husband as plaintiff or defendant, she should be held to very strict proof of the fact that the property belongs to her and not to her husband. *See Stanton vs. Kirsch*, 6 *Wis.*, 339; *Gamber vs. Gamber*, 18 *Penn. State R.*, 363; *Weymouth vs. Ohio & N. W. R. R. Co.*, 17 *Wis.*, 551.

But this is a question of evidence and not of pleading. If the defendant has a right to be informed of the particular facts which constitute the chattel in question her separate property, the remedy is by motion. A demurrer will not reach such defect. *Spees vs. Accessory Transit Co.*, 5 *Duer*, 662.

The plaintiff having alleged that she purchased, and our law authorizing her to make purchases of this kind, it must be presumed that the purchase was legal and valid. When it is stated

generally in a pleading that an agreement or contract was made, the Court will presume it was legal until the contrary appears. *Cozine vs. Graham*, 2 *Paige*, 177.

It is farther objected that the County Commissioners had, no power to make or issue said bond. This very question was raised and decided in case of *Chaska Co. vs. Carver Co.*, 6 *Minn.*, 204, and though the plaintiff in that action is not a party in this, yet it and the defendants are the parties most to be affected by the decision of the question. The bond on which this action is brought is one of the bonds referred to in that case.

The Court then held that the plaintiff in that action could not recover *because the bonds were valid*, and we are asked in this case to hold that the plaintiff cannot recover because the bonds are *invalid*. This would be unjust. Even if we were satisfied that the doctrine of that case could not be sustained, we would not be justified in overruling it in this case. We, therefore, follow it without examination.

The order overruling the demurrer is affirmed.