## Robert Kennedy and Wife

### v.

## Henry H. Williams.

A complaint, alleging that a note and mortgage were for a valuable consideration, duly assigned, etc., to the plaintiff F., wife of R., and that such note and mortgage have been ever since such assignment and still are the property of F. in her sole right and possession, sufficiently states that the same were the *separate property* of the wife, and the action is well brought by the wife joining her husband with her.

A complaint, showing upon its face that the statute of limitations has closed upon the cause of action alleged, is demurrable.

Where it appears by the complaint upon a promissory note that more than six years have elapsed since the cause of action accrued, but that a partial payment has been made upon such note at some date not specified, the complaint does not show upon its face that the cause of action is barred, and is not demurrable, nor will a judgment rendered thereupon be reversed on error, on the ground that the complaint does not state facts constituting a cause of action.

This action was commenced in Scott county, for the recovery of a balance due upon a promissory note.

The complaint sets out the note, which is in the words and figures following:

"Shakopee, September 21, 1857.

"For value received, I promise to pay Moses S. Titus, or order, five hundred and thirty-nine dollars and forty-two cents, with interest at the rate of two and one-half per cent. per month until paid. $539 42.

"Henry H. Williams."

The complaint alleges that this note was secured by mortgage; "that, on the 18th day of Agust, A. D. 1860, the

Kennedy v. Williams.

aforesaid mortgage and promissory note, for a valuable consideration, were duly assigned, transferred, sold and delivered to the above plaintiff, Frances B. Kennedy, wife of the aforesaid Robert Kennedy, and the said mortgage· and promissory note have been since such assignment and sale aforesaid, and still are the property of the said plaintiff, Frances B. Kennedy, in her sole right and possession;" that the mortgage was foreclosed, and the mortgaged premises sold July 25th, 1864, for $250; "that there has been paid on said promissory note, together with the amount of said mortgaged premises sold, the sum of four hundred and fifty-four dollars and fifty cents, and that there now remains due and unpaid on said promissory note the sum of three hundred and seventy-seven dollars and fifty cents." The complaint bears date Sept. 20th, 1864. Judgment was entered by default. The defendant moved the court below to set aside the judgment, which motion was denied. The defendant removes the case to this Court by writ of error.

A question of practice arose in this Court, which is fully stated in the opinion.

CHATFIELD & IRWIN, for plaintiff in error.

I. The complaint in this case does not show that the plaintiffs below had any existing cause of action against the defendant below, at the time when they commenced the suit. The judgment is without a predicate in the complaint, and should therefore be reversed.

The statute of limitations had closed upon the demand stated in the complaint, before the action was commenced; and there is not in the complaint any fact stated to avoid the effect of the statute. Such objection is good ground of demurrer, or of motion in arrest of judgment after verdict, or for writ of error after judgment, and it is not, under the code, necessary to plead the statute. Van Sant. Pl. pages 267, 268,

269, 687, 688, 689 ; Sto. Eq. Pl. Secs. 484, 485, 503, 751 ; 24 Wend. Rep. 587.

Though the mortgage foreclosure mentioned in the complaint may operate as a payment *pro tanto* upon the note, it is not a payment within the meaning or intent of Sec. 24 of the Statute of Civil Actions. Comp. Stat. 534. It cannot have the effect to dispense with the written promise or acknowledgment required by that section. Payments to have that effect must be voluntary ; must be the act of the debtor to be affected by it, and not the act of the creditor alone, enforcing a special remedy upon the security in his hands. Parties are bound by their own acts from the time when they do them, and not by the acts of their adversaries. To construe such foreclosure into a *payment pro tanto*, within that section of the statute, would to a great extent defeat the purposes and intent of the statute of limitations, which is termed, and properly, a statute of repose.

II. The judgment is erroneous because the complaint does not show that the demand on which it is founded was the *separate* property of Mrs. Kennedy. The complaint shows that the demand was assigned to her. Such assignment, by law, vested the title to the demand in Mr. Kennedy, the husband, and he alone could sue on it. Something more was therefore necessary to show that the demand was her *separate* property, so as to make her a proper party to an action upon it. It is therefore stated in the complaint that the demand is hers "in her sole right and possession," and that is all *that* is stated to resist Mr. Kennedy's legal title, and show that the demand was her *separate* estate, and make her a proper party to the action. It is not sufficient for the purpose, for it does not overbear the legal presumption, that the husband owns all personal estate in the hands of the wife. To resist that legal presumption, it is, even under our statute of executions, necessary to show, by proper allegations in the pleading, to which the wife is a party plaintiff, claiming the cause of action

as her own, that the demand belongs to her, separate from, and independent of her husband, free from all will and control on his part, or, in the words of the statute, " her separate property," (Comp. Stat., Sec. 30, Chap. 60, page 535) ; words well understood, and in that statute used in their adjudicated sense. To enable the wife to maintain, either with her husband or by *prochein ami*, an action, the subject of it must be hers as perfectly and as independently of her husband as if it was in the hands of trustees to her use.

The complaint in this case fails to show that, and the judgment in her favor is therefore erroneous.

L. M. Brown, for defendant in error.

The complaint does not show upon its face that the statute of limitations had closed upon the demand before suit brought, for whether the sale of the mortgaged premises can be considered as a payment made by the plaintiff in error or *not*, it does appear that other payments had been made upon the note, as it appears from the complaint that the mortgaged premises were sold for the sum of $250, and that the whole amount of payments made was $454 50. It is true that it does not appear when the other payments were made, but the court will not *presume* that such payments were made more than six years prior to the commencement of the action.

The allegation can only be impeached for being *indefinite* and *uncertain*. A demurrer would not lie to such an allegation, and if a demurrer would not lie, this court will not review such a defect by a writ of error upon a judgment by default. *Karns v. Kunkle*, 2 Minn. R. 213.

II. But the foreclosure and sale of the mortgaged premises was a payment made by the plaintiff in error. If the mortgage contained the usual power of sale, then the payment of the note was *expressly authorized* in writing under seal of the plaintiff in error; and, on the other hand, if the mortgage

did not contain a power of sale, then a decree of the court authorizing the sale, was equivalent to an express authorization by the plaintiff in error. The payment, in either case, is a payment by the plaintiff in error.

III. The counsel intimates in his points that there was a misjoinder of parties plaintiff. If this were so, it would have been a good ground of demurrer in the court below, but, unless the objection is thus taken, it is waived. Comp. Stat. Chap. 60, Sec. 69, p. 540 ; 2 Kernan 580.

IV. But there is no misjoinder of parties plaintiff. The complaint states that the note and mortgage were sold, assigned and transferred to Mrs. Kennedy. (She was competent to take the title.) That since such sale, the note and mortgage have been and still are the property of Mrs. Kennedy, in her sole right and possession.

V. But admitting the counsel's position, that the note and mortgage was the property of the husband, Robert Kennedy, the only consequence that follows is, that *he*, instead of *she*, is entitled to receive the payment and discharge the judgment. If the note and mortgage belonged to Robert Kennedy, the complaint contains all that is necessary to entitle him to the judgment, notwithstanding the joinder of his wife.

*By the Court*—BERRY, J.—This proceeding having been dismissed for failure to procure a return within the time specified by the rule, on a motion to reinstate, the defendants in error, waiving all other objections, insist that the motion should be denied on the ground, first, that a writ of error does not lie to a judgment entered on default; and second, that a motion having been made to the court below to set aside the judgment, and denied, an appeal should have been taken from the order of denial. That a writ of error does lie in such a case, has been settled in *Karns v. Kunkle*, 2 Minn. 313. There is nothing in the second objection. The writ of error in this case is sued out for the purpose of obtaining the

reversal of a judgment rendered below, for the unpaid balance of a promissory note, in an action in which Robert Kennedy and Frances B. Kennedy, his wife, are plaintiffs. The complaint is evidently based upon the theory that the note is the property of the wife, and the husband was joined with her under Sec. 30, p. 535, Pub. Stat. See *Wolfe v. Banning*, 3 Minn. 206; *Rusher v. Morris*, 9 How. P. R. 267. But it is objected that the judgment is erroneous, because " the complaint does not show that the demand on which it was founded was the separate property of Mrs. Kennedy."

The allegations of the complaint on this head are as follows: " And these plaintiffs further allege that, on the 18th day of August, A. D. 1860, the aforesaid mortgage and promissory note, for a valuable consideration, were duly assigned, transferred, sold and delivered to the above plaintiff, Frances B. Kennedy, wife of the aforesaid Robert Kennedy, and the said mortgage and promissory note have been, since such assignment and sale aforesaid, and still are the property of the said plaintiff, Frances B. Kennedy, in her sole right and possession." We think this equivalent to saying that the note is her *separate* property, and sufficient. If the note·is her property in her sole right, it must be hers separately from and independent of her husband and every other person. *Nininger v. Comrs. Carver County*, 10 Minn. 133.

It is further insisted that the complaint shows upon its face "that the statute of limitations had closed upon " the note before the action was commenced, and that there is no fact stated to avoid the effect of the statute. No day of payment being expressly fixed by the terms of the note, the statute of limitations commenced to run from its date, Sept. 21, 1857. *Cornell v. Moulton*, 3 Denio 12.

The complaint bears date Sept. 20th, 1864;· *so far*, then, it appears upon the face of the complaint, that the action was brought after the expiration of the time within which, in the language of our statute, " actions can *only* be commenced " on

promissory notes. By an express provision of the New York code, the defense of the statute of limitations, in order to be available, must be set up by *answer*. But our law contains no such provision, and, consequently, the New York authorities upon this question, since the code, are not applicable here. As it has been justly remarked that the code was, to some extent, an attempt to apply the principles of equity pleading to actions at law, it is well to observe that under the rules of equity pleading, when it clearly appeared upon the face of the bill that the statute of limitations had. closed upon a right of action, advantage might be taken of that fact by demurrer, and it was not necessary to set up the defense in an answer. 24 Wend. 587; 3 Barb. Ch. R. 477; Story's Eq. Pl. Secs. 484–5, 503, 571. The majority of the court are of opinion that the same rule prevails under our code ; that the fact that it appears upon the face of the complaint, that the cause of action is barred by the statute, is good ground for demurrer, and for reversal of the judgment upon a writ of error in a case like this. See *Howell v. Howell*, 15 Wis. R. 55.

But it is contended by the defendants in error that, taking the complaint as a whole, it does not show that the cause of action is barred, and they rely in part upon the allegation following : " And these plaintiffs further say, that there has been paid upon said promissory note, together with the amount of said mortgaged premises sold, the sum of four hundred and fifty-four dollars and fifty cents, etc." The time when this payment was made is not stated, and we are not aware that we are authorized to indulge in any speculation or presumption as to when it was in fact made. But the complaint shows that a partial payment was made at *some time*. For aught that appears, it might have been made at a date late enough to save the statute. It cannot, then, be said that the complaint, taken as a whole, *shows upon its face* that the cause of action was barred, nor that, for this reason, it fails to state facts constituting a cause of action.

Judgment affirmed.