Sarah A. Rich,

*v.*

Philip B. Rich.

</div>

The plaintiff is wife of defendant. They were married in 1861, and separated in 1865, since which time defendant has not lived with, or provided for the plaintiff. At the time of the marriage the plaintiff was living on a quarter section of school land, on which she had made considerable improvement, and on which she had lived for some time prior to her marriage, and continued to live until the sale thereof in 1865. Immediately after the marriage the defendant went to reside with the plaintiff, and continued to reside with her until 1862, when he enlisted into the military service of the U. S. On leaving the service of the U. S., in 1865, he returned to the plaintiff, and lived with her until they afterwards, in the same year, separated. The plaintiff alleges, that on the 15th November, 1862, she purchased the premises at a

land sale, and paid fifteen per cent of the purchase price, and six months interest on the balance, and took a certificate therefor from the school land commissioners, in her own name; that when the defendant returned from the army, she was the owner of the land, and of the improvements thereon, subject to the amount due to the State; that the defendant, intending to defraud and desert her, proposed to the plaintiff to sell said property, and agreed if she would do so, that he would, with the money arising from the sale, purchase for her 80 acres of land in Dakota county; that afterward, influenced by said representation, and by his threats and promises, she consented to and did join him in a conveyance, and he received for the land $405; that with the proceeds of the sale he purchased, in his own name, a quarter section of land, without the knowledge or consent of the plaintiff, and soon after deserted her. The defendant avers, that on the purchase of school land at the sale of 1862, the payment was made with money furnished by him, with the express understanding and agreement, that the certificate should be made in his name, and that the certificate was taken by plaintiff, in her own name, without his knowledge or consent, and he denies that he agreed to re-invest the proceeds of the sale of the school land as alleged by the plaintiff, or that he agreed to purchase for her any property therewith. The court, having tried the case without a jury, found and decided as a matter of fact: that the plaintiff had resided on said school land since 1859, until the time of her marriage, and had made valuable improvements thereon; that after their marriage the parties resided on said lands until 1862, when defendant enlisted into the U. S. service; that plaintiff was at the time of her marriage, possessed of considerable personal property, and during defendant's absence in the army, she procured improvements to be made on said land, which she purchased at a sale of school land, and took the certificate in her own name; that in 1865, soon after the defendant returned from the army, he sold the land, and procured an assignment of the certificate and purchase, and received the proceeds of the sale, ($405) with which he purchased 80 acres of land, in his own name, and shortly after deserted the plaintiff. As conclusions of law the Judge found and decided, "that the defendant holds the deed to said 80 acres in trust for plaintiff, it having been paid for by the proceeds of the sale of the school land, her separate property." A judgment having been ordered for plaintiff, defendant appealed, on the ground that the facts found do not justify the judgment, and that the complaint does not state facts sufficient to constitute a cause of action. *Held*, that after judgment, the complaint will be sustained unless it is clearly and radically defective. From the allegations, that the plaintiff purchased said above described premises, * * * and "was the owner of the improvements on the said premises, and of the land," it will be presumed that

she purchased for herself, and with money that was her separate property. If consent of the husband was necessary, it will be presumed, he not having objected to the purchase, but in fact, having ratified it by joining with her in a sale of the premises. Our statutes—*Comp. Stat.* 571, *Sec.* 106—secured to a married woman any property by her owned before marriage, by whatever means acquired, or acquired after marriage by any means except her own personal industry. If the plaintiff in the case chose to do so, she had the right to use any money that was her separate property, in perfecting her rights, or protecting her interests in and to said school land, and if the defendant obtained the money arising from the sale by false pretences, and on his agreement to re-invest it in his wife's name, she has a remedy against him in the courts. Inasmuch as a husband's influence over his wife is greater under such circumstances, the courts the more vigilantly guard her rights, and require of him the exercise of the greatest good faith. If the facts alleged by plaintiff in the case are true, defendant holds the land purchased by him with the proceeds of the school land, in trust for her. The objection, to the want of capacity in the plaintiff to sue, could only be taken advantage of by answer, or demurrer. It was necessary for the court to find and determine whether the plaintiff paid for the school land with her own money, or with that of her husband, or whether the defendant agreed to receive and re-invest the proceeds of the sale of said land for his wife's benefit, and in her name; these facts not having been passed upon, the facts found do not support the judgment.

The circumstances under which a finding may be corrected by the court below, without a re-hearing, considered.

This action was brought in the District Court for Dakota County, and is removed to this court by appeal, taken by the defendant from the judgment which was rendered against him in the court below. The case is fully stated in the opinion of the court.

CLAGGETT & CROSBY and SMITH & GILMAN for Appellant.

SMITH, HUDDLESTON & BABCOCK, for Respondent.

*By the Court*—WILSON, CH. J. The plaintiff in this case is the wife of the defendant; they were married in March, 1861, and they separated in November, 1865, since which

time the defendant has not lived with the plaintiff, or provided for her. At the time of their marriage, the plaintiff was living on the north-east quarter of sec. 36, T. 112, R. 19 —school land—on which she had made considerable improvements, and had lived'for some time prior to her marriage, and continued to live until the sale thereof as hereinafter stated. Immediately after the marriage the defendant went to reside with the plaintiff, and continued to reside with her until August, 1862, when he enlisted into the military service of the United States; on leaving the service of the United States in August, 1865, he returned to the plaintiff, and lived with her until they separated as aforesaid. The plaintiff alleges that on the 15th of November, 1862, she purchased said premises at a land sale, and paid 15 per cent of the purchase price, and six months' interest on the balance, and took a certificate therefor, from the School Land Commissioner in her own name; that when the defendant returned from the army, as aforesaid, she was the owner of the said land, and of the improvements thereon, subject to the amount due to the State; that the defendant, intending to defraud and desert her, proposed to the plaintiff to sell said property, and agreed, if she would do so, that he would, with the money arising from the sale; purchase for her 80 acres of land near Lewiston, in Dakota County; that afterward, influenced by his said representations, and by his threats, and promises, she consented to and did join him in a conveyance, and that he received for the land $405; that with the proceeds of the sale, he purchased, in his own name, the south half of N. W. ¼, section 15, T. 112, R. 19, without the knowledge or consent of the plaintiff, and soon after deserted her. The plaintiff asks for a decree adjudging the title of the premises by the defendant purchased to be in the plaintiff, and for such other relief as the court shall think just and proper.

The defendant avers, that on the purchase of the school land at the sale in 1862, the payment was made with money furnished the plaintiff by him, with the express understanding and agreement, that the certificate should be made in his name; that the certificate was taken by the plaintiff in her own name, without his knowledge or consent, and he denies that he agreed to re-invest the proceeds of the sale of the school land as alleged by the plaintiff, or that he agreed to purchase for her any property therewith. The court, having tried the case without a jury, found, as a matter of fact: "that the plaintiff had resided on the school land described in the complaint, from in the year 1859, until the time of her marriage with defendant in 1861, and had made valuable improvements thereon; that after marriage with defendant, the parties resided on said lands together, until in the year 1862, when defendant enlisted in the army of United States; that she, at the time of marriage, was possessed of considerable personal property; that during defendant's absence in the army, she had procured improvements to be made on said lands, and that in 1862, and while said defendant was absent, at a land sale of said school lands, plaintiff purchased the land, and obtained a certificate in her own name; that in 1865, soon after defendant returned home, he sold the land, and procured an assignment of the certificate of purchase; that the price for which it was sold was four hundred and five dollars, and that the defendant received the money, and paid out four hundred dollars of the money, thus received, for eighty acres of land described in complaint, and received the deed therefor in his own name, which he still retains, and has not had said deed recorded; that shortly after receiving the deed he deserted and abandoned the plaintiff, and has not returned to live with her. And as conclusions of law we find: ʻʻat the defendant holds the deed to said eighty acres in trust

for plaintiff, it having been paid for by the proceeds of the sale of the school land, her separate property, and having abandoned her soon after obtaining the money and deed, the plaintiff is entitled to the relief prayed for in the complaint." A judgment having been entered for plaintiff, the defendant appeals, on the ground that the facts proved do not justify the judgment, and that the complaint does not state facts sufficient to constitute a cause of action. At this stage of the case, the complaint will be sustained, unless it is clearly and radically defective, and we think it is not. Had a motion been made in time to have it in some respects made more definite, it should perhaps have been granted, but now, it cannot be attacked for indefiniteness, or uncertainty.

From the allegation, that "the plaintiff purchased said above described premises," * * and "was the owner of the improvements on the said premises, and of the land," it will be presumed, after judgment at least, that she purchased for herself, and with money that was her separate property. *See Nininger vs. Carver Co.*, 10 *Minn.*, 135. And even if consent of the husband was necessary, it will be presumed, he not having objected to the purchase, but in fact having ratified it, by joining with her in a sale of the premises.

The possession and improvement of the school land, gave the plaintiff certain rights. (*Laws of* 1861, *Chap.* 14.)

Our statute, *Comp. Stat.* 571, *Sec.* 106, secured to a married woman any real or personal estate acquired before her marriage, "either by her own personal industry, or by inheritance, gift, grant or devise, or to which she may, at any time after her marriage, be entitled, by inheritance, gift, grant or devise." The word "*grant*," as used in this statute, includes purchase, and applies alike, we think, to corporeal, and incorporeal, personal and real property. In other words, the statute was intended to secure to a married woman any

property by her owned before marriage, by whatever means acquired, or acquired after marriage, by any means except her own personal industry.    If the plaintiff in this case chose to do so, she had the right to use any money, which was her separate property, in perfecting her rights, or protecting her interests in and to said school land, and if the defendant obtained the money arising from the sale, by false pretences, and on his agreement to reinvest it in his wife's name, she has certainly a remedy against him in the Courts.    If a wife is defrauded by her husband, or if her property is fraudulently appropriated by him to his own use, she is not remediless, nor is he beyond the reach of the law on account of the existence of the marriage relation.    Inasmuch as his influence over her is greater under such circumstances, the Courts the more vigilantly guard her rights, and require of him the exercise of the greatest good faith.    If the defendant, in violation of his agreement with the plaintiff, and of the trust reposed in him by her, purchased the land in question in his own name, with moneys belonging to her, she most clearly has the right to the decree prayed for ; he merely holds the lands in trust for her.    *See* 1 *Story's Equi., Sec.* 465, *and note; Decker vs. Somers, Mylne & Keen,* 664.    It is now too late to raise a question as to the plaintiff's capacity to sue.    *Tapley vs. Tapley,* 10 *Minn.,* 448.

But while we think there are no such radical defects in the complaint as make necessary a reversal of the judgment, yet we think the facts found by the Court do not support it ; the Court has not passed on some material issues raised ; it is not found whether the plaintiff paid for said land with her own money, or with that of her husband, or whether the defendant agreed to receive and reinvest the proceeds of the sale of the school land for his wife's benefit, and in her name.    From the finding of the Court, we cannot discover whether there is

any breach of trust or misappropriation of the plaintiff's funds; if there was not, of course the relief prayed for cannot be granted.

The recital in the conclusions of law, of the land "having been paid for by the proceeds of the sale of the school land, her separate property," is unsupported by any facts found, and does not show that said school land was her separate property. While in some cases a finding may be corrected by the court below, without a rehearing, we do not think this a case in which that course could properly be pursued. The issues not passed upon are material; the trial below was had about eighteen months ago, and the Judge who tried the case has since been almost continually engaged in the trial of other causes; it is not, we think, under these circumstances, to be presumed that the evidence given, or facts proven on the trial are so clear in his memory, as to enable him, satisfactorily to himself, or with unquestionable correctness, to determine these issues without a rehearing.

New trial ordered.