JAMES DAVENPORT

*vs.*

A. J. SHORT.

When it does not clearly appear upon the face of a complaint that the statute of limitations has run against the cause of action therein stated, the running of the statute should be pleaded by the party seeking to take advantage of it.

Action by indorsee of a negotiable note against the maker. The complaint set out a note more than six years overdue, with indorsements of partial payments after maturity and before suit brought, and an indorsement to the plaintiff. The answer alleged matter in defense, but did not set up the statute of limitations.

Upon the trial in the district court for Washington county no evidence was introduced except the note with its indorsements. The court refused to charge the jury, at defendant's request, "that in order for the plaintiff to recover in this action, he must prove by testimony other than the note offered in evidence, that the indorsements thereon were made within six

years after the note was given, and done by the consent of the defendant Short.    That the note of itself and endorsements thereon is not sufficient testimony to prove the same."

The defendant excepted to this ruling of the court and to an instruction, given at the request of plaintiff's counsel, that the defendant, by omitting to plead the statute of limitations, was precluded from afterwards claiming anything under it.

A verdict was returned for the plaintiff, a motion for a new trial was made and denied, and judgment entered on the verdict.

The defendant appeals from the judgment and from the order refusing a new trial.

SMITH & VAN SLYCK, for Appellant.

CASTLE & MARSH, for Respondent.

*By the Court.*—BERRY, J.—It appears that the note, upon which this action is founded, matured more than six years before the action was commenced; but it further appeared in the complaint that partial payments had been made thereon within less than six years before the commencement of the action.

The complaint was not, then, demurrable on the ground that it clearly appeared upon its face that the statute of limitations had closed upon the plaintiff's right of action before suit brought, under the rule heretofore laid down by this court in *Kennedy vs. Williams*, 11 *Minn.* 314; *McArdle vs. McArdle*, 12 *Minn.* 98; *Eastman vs. St. A. F. W. P. Co., Ib.* 137; *Hoyt vs. McNeil*, 13 *Minn.* 391.    We are not disposed to extend the rule enunciated in those cases; but where it does not clearly appear upon the face of a complaint that the statute of limitations has run against the cause of action stated, we are of opinion that the running of the statute is "new matter constituting a defense," and should,

under subdivision 2 of *sec.* 79, *ch.* 66, *Gen. St.*, be pleaded by the party seeking to take advantage of it.

The instruction given to the jury at plaintiff's request was in accordance with these views and was correct; and, inasmuch as the defendant did not plead the statute, it was not necessary for the plaintiff to make any proof as to the partial payments for the purpose of avoiding the bar of the statute. Whether right or wrong, then, the other instructions given and refused were immaterial, and it is manifest that no harm could have resulted to the appellant from the giving or refusing of the same respectively.

Order denying new trial affirmed.