MARTINDALE
v.
TIBBETTS.

Saturday,
June 1.

————————➤•◄————————

MARTINDALE *v.* TIBBETTS and Another.

An action in relation to the separate property of a married woman may be prosecuted in her name alone, or, at her option, jointly by herself and husband.

The statute providing for the rendition of judgments to be collected without appraisement does not contemplate a different judgment as to costs, and hence they, being an incident to the judgment, may be collected in the same manner.

Saturday,
June 1.

APPEAL from the *Delaware* Common Pleas.

WORDEN, J.—This was a suit originally commenced by *Sophronia Tibbetts* against the appellant, on a note and mortgage executed by *Martindale* to the said *Sophronia*, in

her maiden name of *Sophronia Scantling*, alleging her subsequent intermarriage with *Isaac Tibbetts*. The complaint was demurred to for the non-joinder of the husband, as party plaintiff. This demurrer was sustained; the complaint was amended, and the husband made a party plaintiff. The complaint was then demurred to for a misjoinder of parties plaintiff, viz., for the joinder of the husband as a party. The defendant seems to have been unwilling that the plaintiff should get into court at all, objection being made to either mode. The latter demurrer was overruled, and the plaintiffs had judgment. The note waived appraisement laws. Judgment was rendered for the debt and costs, to be collected without appraisement.

Two points are made for the reversal of the judgment. First, the overruling of the last demurrer; and second, the judgment, as to costs, to be collected without appraisement.

The appellant contends that as the debt was the separate property of the wife, she could sue therefor only in her own name. The statute provides, that "when a married woman is a party, the husband must be joined with her; except, first, when the action concerns her separate property, she *may* sue alone." This statute we regard as rendering it optional to bring the suit in the name of the wife alone, or that of the husband and wife, where the action concerns her separate property. There was no error in overruling the demurrer. No steps appear to have been taken in the Court below to properly raise the second point, but as it is a question of frequent occurrence in practice, we proceed to consider it.

The appellant claims that the costs go to the officers and not to the plaintiff, and that they are dependent upon ordinary contracts and to be governed by the general law. This is not strictly correct. The plaintiff is supposed to pay costs to the officers as he makes them, (however seldom they are thus paid in fact,) and if he recovers judgment against the defendant, he also recovers the costs he is supposed to have thus paid.

We think the statute providing for the rendition of judgments to be collected without appraisement (2 R. S. 1852, § 381, p. 123,) does not contemplate a different judgment as to costs from that in respect to the debt. The judgment for

May Term, 1861.

the debt and costs is an entirety; the costs following as an incident to the judgment for the debt, and to be collected in the same manner. Perhaps where there are claims sued on waiving appraisement laws, with those not waiving them, and where, consequently, different judgments may be rendered, the costs may be apportioned.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Walter March*, for the appellant.

*Shipley* and *Kilgore*, for the appellee.