Gee *v.* Lewis and Wife.

<hr>

Gee *v.* Lewis and Wife.

Witness.—Where the husband and wife join in an action for the recovery of the separate property of the wife, both the wife and the defendant are competent witnesses in the cause.

Parties.—In actions to recover the separate property of the wife, she may sue alone.

APPEAL from the *Carroll* Common Pleas.

Perkins, J.—We understand this case to be as follows: A single woman, *Lucinda,* by name, worked for *Benjamin Gee,* from the 1st of *April,* 1848, to *January* 1st, 1856. At this latter date, or soon after, she married *John M. Lewis.* This suit was afterwards brought by said *John* and *Lucinda,* jointly, against *Gee* to recover what was due to *Lucinda* for her labor, performed while a *femme sole,* for *Gee.*

On the trial, which occurred on the 10th day of *November,* 1862, the plaintiff, *Lucinda,* offered herself, and the defendant, *Gee,* offered himself, each as a witness in the cause, but the Court excluded them; and whether that exclusion was right

or wrong is the only question sought, by counsel, to be presented to this Court.

The amount of money due *Lucinda* at the time of her marriage remained her separate property after her marriage. *Martindale* v. *Tibbetts*, 16 Ind. 200. She might have sued alone for it. Her husband was but a nominal party when joined, and would have no interest or control over the judgment when recovered. See sec. 794, p. 334, 1 G. & H. Had the Court allowed *Lucinda* to testify, then, in the cause, she would have been a witness not for or against her husband, but for herself, just as she would have been had she sued alone and offered herself as a witness. Why, then, should the Court have excluded her?

At common law, interest disqualified a person as a witness. It does not disqualify under the code. 2 G. & H. 168.

At common law, being a party to the suit disqualified as a witness. This disqualifiction, also, is removed by the code. *Ibid.*

At common law husband and wife were disqualified to be witnesses for or against each other, and this disqualification continues in full vigor under the code, even in civil suits between husband and wife. *Ibid; Alcock* v. *Alcock*, 12 Eng. L. & E. Rep. p. 354; *Hasbrouck* v. *Vandervoost*, 5 Selden, p. 153. And it has been held, but we do not decide the point here, that this disqualification can not be waived. 1 Greenl. Ev., sec. 340.

Where there are concurrent disabilities they must all be removed before the person can be admitted as a witness. *Alcock* v. *Alcock, supra.*

In the case at bar, the disability of interest, and that of being a party to the suit, had both been removed by statute, and that of husband and wife did not exist, because the wife did not offer to testify for or against her husband.

The wife was a competent witness, in her own behalf, in

this case, because the case did not require her to testify touching her husband's interests or rights; and as she was competent, so, also, was the defendant, *Gee.*

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for a new trial.

*J. C. Applegate,* for the appellant.

*Graham & Graham,* for the appellees.