# WHEELING.

## FOX v. INSURANCE CO.

*(Absent, GREEN, JUDGE.)

Submitted June 21, 1888.—Decided June 30, 1888.

1. MARRIED WOMAN—RIGHT OF WIFE TO SUE—SEPARATE ESTATE.
   Our statute (section 12, ch. 66, Code,) providing that a married woman may sue and be sued, without joining her husband, where the action concerns her separate property, was intended to remove the wife's disability to sue alone, and not impose any disability on her common-law rights or remedies.

2. MARRIED WOMAN—JOINDER OF HUSBAND—SEPARATE ESTATE.
   It is not error for the wife to join her husband with herself as plaintiff in an action concerning her separate property, although she may in such action sue alone.

*W. P. Hubbard* for plaintiff in error.

*Denis O'Keefe* and *B. B. Dovener* for defendants in error.

SNYDER, JUDGE :

Action at law on an insurance policy, brought in the Circuit Court of Ohio county by Honora Fox and Thomas Fox,

---
*On account of illness.

her husband, against the Manufacturers' Fire Insurance Company of Wheeling. The defendant demurred to the plaintiffs' declaration; and, the demurrer being overruled, it pleaded *non assumpsit*, and filed two special pleas on which issues were joined. The case was tried by a jury, which returned a verdict of the plaintiffs for $1,139.50. The defendant moved the court to set aside the verdict, and grant it a new trial, which motion the court overruled, and entered judgment upon the verdict, and to this judgment the defendant obtained this writ of error.

The first error assigned is that the declaration is fatally defective, and that, therefore, the court improperly overruled the demurrer thereto. The declaration is in the form prescribed by our statute (section 61, ch. 125, Code). The record does not state any special grounds of demurrer; but it is claimed, in the argument before the court, that inasmuch as the declaration avers that the fire which caused the loss of the property insured by the defendant occurred on or about the 27th day of March, 1882, while the policy, filed with and made part of the declaration, is dated October 7, 1880, and insures the property for one year only from that date, these facts make it apparent that the policy sued on was not in force at the time the alleged loss occurred; that the declaration thus shows affirmatively that the loss occurred after the insurance had expired; and that, therefore, the declaration is fatally defective because it fails to aver any loss against which the defendant had agreed to insure. I do not think this objection can be maintained, for the reason that the policy not only provides for its continuance in force one year from its date, but that it may be continued in force "for such further time as shall be agreed upon, provided the premium therefor is paid and indorsed on this policy, or a receipt given for the same;" and by an indorsement on the policy it does appear that it was continued in force to a time after the loss occurred. But, even if it could be regarded as essential that the declaration should have averred a renewal of the policy, the omission is one that should have been specially called to the attention of the trial court, where the omission could have been at once supplied.

This defect, if it can be considered as such, is one which can not be made for the first time in the appellate court. So far as the record discloses, it was not made or relied on in the trial court; and there being no question as to the fact that the policy was in full force at the time the loss occurred, and it also appearing that the defendant was neither injured nor prejudiced by this inadvertent omission, we feel confident that no good purpose could be subserved by this Court, at this late stage of the proceedings, entertaining this objection. The statute dispenses with the strict rules of common-law pleading, and provides for statements to be filed, at the demand of either party, in order to inform the opposite party of the claim or defence intended to be made. It is therefore, under the circumstances, held to be insufficient to reverse the judgment.

It is further contended that the demurrer should have been sustained because the declaration alleges that the defendant owed the plaintiffs, Honora Fox and Thomas Fox, her husband, while the policy, which is a part of the declaration, shows that the contract of insurance was with the plaintiff, Honora Fox, alone. Without stopping to inquire whether or not this question could or did properly arise on the demurrer, we shall proceed to consider it as one properly presented by the overruling of the defendant's motion for a new trial. The evidence of the plaintiffs shows that the contract of insurance was with the female plaintiff alone, and that the property insured, and which was destroyed by fire, was her separate estate, and her husband had no interest therein. Thus the question is directly presented whether or not the joinder of the husband with the wife in this action is such a fatal error as warrants this Court in reversing the judgment and setting aside the verdict in favor of the plaintiffs.

Our statute provides that "a married woman may sue and be sued without joining her husband, in the following cases: (1) Where the action concerns her separate property; (2) where the action is between herself and her husband; (3) where she is living separate and apart from her husband; and in no case need she prosecute or defend by guardian or next friend." Section 12, ch. 66, Code 1887. It is not

questioned that this action could have been in the name of the wife alone. This is expressly authorized by the first clause of the statute.

The contention is that the joinder of the husband with the wife is a fatal error. The claim is that the statute is mandatory, and that by its terms the wife must sue alone where the action, as in this case, concerns her separate property. Many of the States have statutes similar to ours, though all of them differ in some respects more or less material. It is therefore an unsafe rule for us to follow the decisions of other States, even where their statutes are very similar to ours, especially as there is much conflict and want of uniformity in the decisions of those States.

In New York, after repeated adjudications on both sides of the question, the rule seems to be settled that, in actions relating to the separate property of the wife, the husband is an improper party. *Palmer* v. *Davis*, 28 N. Y. 242; *Draper* v. *Stouvenel*, 35 N. Y. 507. The law seems to be the same in New Hampshire and Illinois. *Whidden* v. *Coleman*, 47 N. H. 297; *Cooper* v. *Alger*, 51 N. H. 172; *Hayner* v. *Smith*, 63 Ill. 430. While in Indiana, Iowa, Wisconsin, Maryland, Minnesota, Ohio and California the rule is held to be the other way; that is, that the wife has her election to sue alone or unite her husband. *Gee* v. *Lewis*, 20 Ind. 149; *Kramer* v. *Conger*, 16 Iowa 434; *Norval* v. *Rice*, 2 Wis. 22; *Barr* v. *White*, 22 Md. 259; *Kennedy* v. *Williams*, 11 Minn. 314, (Gil. 219;) *Reinheimer* v. *Carter*, 31 Ohio St. 579; *Corcoran* v. *Doll*, 32 Cal. 82. In these latter States it is held that the language, " may sue and be sued alone," is permissive, and authorizes the wife, in actions brought by her " concerning her separate property," to unite her husband or not, at her election.

In Pom. Rem. § 238, it is said that " whenever the general rule as above stated prevails, wherever it is provided that the wife may sue alone in actions concerning her separate property, and in certain others as designated, it is generally, if not universally, held that the language of the statute, ' may sue,' is permissive, and not compulsory. She has her option to sue in her own name alone, or to unite her husband as a co-plaintiff. Either mode of bringing the action is legal and

proper." This construction we believe to be the correct one. The evident purpose of this provision of the statute was to remove the disabilities of coverture, and not to create disabilities on her common-law rights or remedies. The last clause of the section declares that " in no case need she prosecute or defend by guardian or next friend,"—a superfluous provision if she had already been required, in actions of this class, to sue alone.

At common law a suit by husband and wife was a suit by the husband alone; and this was so because the wife was not considered *sui juris*, and could never sue in her own name, but only by her next friend. This rule has been abrogated by our statute, and therefore it is not true, in this State, that a suit by husband and wife is the suit of her husband alone; it is the joint suit of both. The power thus conferred upon the wife by our statute, it is believed, will explain, to some extent, the reason why she may, in this and other States having like statutes, join her husband; while in other States, which have no such provision, she can not sue by uniting her husband in the action. In these latter States she can only sue by her next friend, and consequently a suit by herself and husband is not her suit at all. *Claflin* v. *Van Wagoner*, 32 Mo. 253. If there is any conflict in the interests of the husband and wife, then it becomes necessary for her to sue alone in order to protect her interests; and in other cases it may be advisable for her to sue alone, as she has the undoubted power to do in all. the three classes of cases mentioned in the statute. But whether she will do so or not is a matter for her own election, and one of which the defendant can not complain, since a suit by her and her husband would be as much a bar or estoppel against another suit for the same cause of action as would a suit by herself alone. It was therefore not error of which the defendant (the plaintiff in error) can complain that the husband was joined with the wife in this action. In *Ackley* v. *Tarbox*, 31 N. Y. 564, it was held that, in an action brought in the name of husband and wife for damages to the separate property of the wife, the name of the husband could be stricken from the proceedings either before or after judgment, and then the judgment can be entered in favor of the wife alone.

It is further insisted that the Circuit Court erred in refusing to hear the testimony of the witness White. The bill of exceptions states that the defendant moved to be permitted to show by said witness, who was then present, his knowledge of the property destroyed, its value, and that within six months before the fire the defendants were endeavoring to sell the property, their conversation with him not being in the presence of any one else; but the court overruled the motion, the court having waited for said witness at the close of the testimony on yesterday, and ruled that no further delay could be had on account of his absence. No fact is stated to show that the trial court improperly exercised its discretion in refusing to allow this witness to testify. The testimony on both sides had been closed on the day before, and the court having then announced that no further delay could be allowed on account of the absence of this witness. It is probable that the witnesses of the plaintiffs had gone away, and it might have been unjust to them to allow this witness to testify when they had not the power to explain or contradict his testimony. We can not, under the circumstances, hold that the court abused its discretion. *Tully* v. *Despard*, *ante*, p. 370.

The only other ground of error alleged is that the defendant's motion for a new trial was improperly overruled, because the verdict was not sustained by the evidence. While there is some evidence tending to show that the female plaintiff caused the insured property to be burned, and that its value was less than the amount of the verdict, still, as the testimony is not clear and positive, and the jury having found in favor of the plaintiffs, and their finding was approved by the trial-court, we can not, according to the well-settled rule in such cases, reverse said finding and judgment. *Black* v. *Thomas*, 21 W. Va. 709.

For the reasons aforesaid the judgment of the Circuit Court must be affirmed.

Affirmed.