JOHN Q. HULETT *et al.*, Appellants, v. C. M. STOCKWELL *et al.*, Appellants.

Kansas City Court of Appeals, March 4, 1889.

Practice: ISSUES FOR A JURY IN EQUITY CASE: MOTION FOR A NEW TRIAL: INSTRUCTIONS. In an equity case it is not matter of reversal to submit issues to a jury, even if objections thereto were preserved in the motion for a new trial, nor for the court of its own motion to give an instruction ; nor is the verdict of a jury on issues matter of exception or cause for a new trial.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry*, for appellants.

(1) The court erred in submitting issues to a jury. There were no issues of fact for the jury. R. S., sec. 3601. The first issue submitted was not an issue in the case. Plaintiffs were entitled to have their lien enforced whether the tenants were removing the crops or not. It was not a question of "hindering, endangering or delaying" the landlord in collection of his rents. Without being so hindered, etc., he was entitled to have his lien enforced and also to have injunction or attachment. The rent was due and unpaid. *Chamberlain v. Herd*, 22 Mo. App. 416. (2) The second issue was immaterial. Stockwell's note was properly credited. The only proper issue in that connection was, did plaintiffs have any knowledge of the proceeds of the sale notes being a part of the one hundred and thirty-three dollars' credit when paid. Yet, if they had and were silent, they would not be estopped here. The finding of

the jury on the issue submitted was clearly incorrect, for the one hundred and thirty-three dollars' credit was March 1, 1886, and the under-tenants gave their notes after that. The third issue was improper as all the evidence admits that while the price of the horse was credited on the note it was afterwards, by consent of parties, erased and admitted not to be a payment. (3) The finding of the court was against the evidence and not supported by the finding of the jury. This is an equity proceeding and the court will weigh the evidence.

*George Robertson*, for respondents.

(1) The court did not err in refusing plaintiffs' instructions. Courts do not declare the law in equity cases. This instruction was asked by plaintiffs of the court when deciding the case after the jury had made its findings. *Moon v. Wingate*, 53 Mo. 398; *Adams v. Harper*, 20 Mo. App. 684. (2) The court had a right to take the verdict of a jury upon any issue presented by the pleadings. *Snell v. Harrison*, 83 Mo. 657; *Bronzon v. Wanzer*, 68 Mo. 408. But plaintiffs did not save an exception to anything but the mere ordering of the jury. No exception was saved to the issues submitted or the findings upon them, and, by reference to the judgment of the court, it will be seen that no motion was ever passed upon by the court, calling its attention to any such error. The plaintiffs asked no instructions for the jury, the defendants asked none, and plaintiffs took no exceptions to those given by the court.

ELLISON, J.—This action to recover on two notes given for rent by defendant Stockwell and by injunction process to enforce a landlord's lien. The cause

Hulett v. Stockwell.

was tried before the court, but special issues were submitted to a jury. Plaintiffs objected to such submission on the ground that the cause was for the court only. This objection is not preserved in the motion for new trial, and, if it was, it would be without avail, as a court may, in an equity case, frame issue for a jury.

The motion for new trial appears to be one framed in general terms without reference, particularly, to the cause in which it was filed. It calls attention to errors in admitting and excluding evidence, when no objection or exception of this sort was taken at the trial. It likewise calls attention to errors in giving and refusing instructions offered by plaintiffs and defendants when none were in fact offered by either party. After the jury had made their findings on the issues, and before rendering judgment, the court gave an instruction of its own motion, but this is not a matter for reversal in an equity cause. *Moon v. Wingate*, 53 Mo. 398.

Among the reasons for a new trial which are named in the motion are that the verdict of the jury was against the evidence, against the law, etc. In a cause in equity, pending before a chancellor, the verdict of a jury on issues framed is merely advisory and is not controlling or binding on the chancellor, and is, therefore, not a matter of exception or cause for new trial.

The judgment is affirmed. All concur.