KASPAR, Appellant, vs. MURRAY, Respondent.

*March 12—April 6, 1920.*

*Witnesses: Competency: Husband and wife: Privileged communications: Impeachment of one spouse by the other.*

Statements by a husband to his wife, no one else being present, are privileged and confidential communications, and cannot be testified to by her, without his consent, to impeach him as a witness, even in an action to which neither is a party or is interested.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge.   *Affirmed.*

Action for assault and battery with a jury verdict in favor of the defendant.

One Carl Gubine was sworn for the defendant and gave material testimony about the transaction in question.   On cross-examination he was asked as to whether he had made certain statements to any persons, which would have tended to contradict and impeach his direct testimony, and he denied having done so.

The plaintiff then called as a witness Gubine's wife and proposed to examine her as to alleged statements made to her by Gubine on the morning after the assault.   This was objected to as incompetent, irrelevant, and immaterial and as calling for a confidential communication between husband and wife, and inadmissible under sec. 4072, Stats.

Gubine was recalled by plaintiff's counsel and then said that he would not consent to his wife testifying.   The court then refused to permit Mrs. Gubine to testify, it appearing that no one else than her husband and herself was present at the time of such alleged conversations.

Upon judgment being rendered in favor of the defendant the plaintiff has appealed.

For the appellant the cause was submitted on the brief of *Raymond J. Cannon* of Milwaukee.

For the respondent there was a brief by *Clark & Lueck* of Beaver Dam, and oral argument by *Royal F. Clark.*

ESCHWEILER, J.   The only error alleged in this appeal is upon the ruling of the trial court in refusing to permit plaintiff to examine the wife of defendant's witness Gubine as to alleged statements made by him to her relative to the transaction in question.

The testimony sought to be elicited would tend to directly impeach the witness and show that he had testified falsely on material points in his direct examination as a witness for the defendant.   Statements of such a nature made by one spouse to another, no one else being present, and during coverture, are private and confidential communications between husband and wife.   Being such, they are subject to the privilege of secrecy which public policy has deemed best to throw around such communications, and without the consent of the other the one spouse cannot be permitted to divulge them.   The privilege exists just as well when the testimony is sought in a collateral suit as here, where neither husband nor wife is a party or interested in the litigation, as where they or either of them are or is so interested. *Hopkins v. Grimshaw,* 165 U. S. 342, 351, 17 Sup. Ct. 401; *Stein v. Bowman,* 13 Pet. (38 U. S.) 209, 222; *Mahlstedt v. Ideal L. Co.* 271 Ill. 154, 166, 110 N. E. 795; *Williams v. Betts* (Del.) 98 Atl. 371; *Moore v. Wingate,* 53 Mo. 398, 410; *McCormick v. State,* 135 Tenn. 218, 186 S. W. 95; 6 Ency. of Ev. 897; 40 Cyc. 2360.

A statutory provision declaring that neither husband nor wife shall testify as to private conversations with each other has been declared to be but the restating of this common-law principle (*Sampson v. Sampson,* 223 Mass. 451, 458, 112 N. E. 84), and to be applicable even when the testimony is desired by a third person.   *Comm. v. Spencer,* 212 Mass. 438, 451, 99 N. E. 266.

This court has strictly upheld, wherever the question has arisen, full recognition to similar privileges such as are found between physician and patient or lawyer and client. *Casson v. Schoenfeld,* 166 Wis. 401, 410, 166 N. W. 23; *Herman v. Schlesinger,* 114 Wis. 382, 391, 90 N. W. 460. We see no reason here for wavering from such course.

This disposition of the case makes it unnecessary to consider sec. 4072, Stats.

*By the Court.*—Judgment affirmed.